Timothy C. Kelly
Kelly Law Office
Post Office Box 65
Emigrant, Montana 59027
406/333-4111 (voice)
406/333-9073 (fax)

Kevin Brown
Paoli & Brown, P.C.
120 W. Callender St.
Livingston, Montana 59047
406/222-4420 (voice)
406/222-1032 (fax)

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

District of Montana

Billings Division

| | |
|---|---|
| Jamie Swecker, individually and on behalf of all similarly situated Deputy Sheriffs of Yellowstone County,<br>Plaintiffs,<br><br>versus<br><br>Yellowstone County, acting by and through the Yellowstone County Sheriff's Office, and individually, Jay Bell and Mary Matteson,<br>Defendants. | Case No. ______________________<br><br>COMPLAINT<br><br>Jury Requested |

**COMPLAINT**

1. This is an action by the Deputy Jamie Swecker, individually and on behalf of all similarly situated Deputy Sheriffs of Yellowstone County who are entitled to unpaid wages and unpaid overtime, against the defendants Yellowstone County (by and through the Sheriff's Office) and individually against Jay Bell and Mary Matteson, for acts in

violation of the Fair Labor Standards Act (FLSA) for unpaid overtime. Plaintiff also claims that Yellowstone County has violated his rights, and the rights of all similarly situated deputy sheriffs, under state wage protection laws by failing and refusing to pay wages due and owing and doing so by utilizing time records that Defendants knew were false and inaccurate and understated the actual hours worked. Plaintiffs seek unpaid wages, plus interest, plus liquidated damages, plus penalties on their unpaid wage claims. Plaintiff Swecker, individually, also brings claims against all Defendants for illegal retaliation in violation of his rights under the FLSA and First Amendment rights and against Defendants Matteson and Bell for abuse of process. Plaintiffs seek equitable relief and damages.

JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to Title 28 of the United States Code, including 28 U.S.C. §1343 and §1331 and the Portal to Portal Act. The Court has supplemental jurisdiction over the claims made under state law which arise from the same core of operative events.

3. Venue is proper under 28 U.S.C.§1391 in that the claims alleged herein include claims that arose within Yellowstone County, Montana.

PARTIES

4. Plaintiff is sworn peace officer and a deputy sheriff in the Yellowstone County Sheriff Office and has been since 1999. Deputy Swecker has been president of the deputy sheriffs' union since 2009.

5. Members of the Plaintiff Class include all current and former deputy sheriffs of the Yellowstone County Sheriff's Office below the rank of

lieutenant who worked at any time during the period three years prior to the filing of this Complaint.

6. Defendant Yellowstone County, acting through the Yellowstone County Sheriff's Office ("Sheriff's Office" or "YCSO"), is an employer and a local governmental agency.

7. Defendant Jay Bell is the county sheriff, was the undersheriff, and is and was a government official and final policy maker for the County in terms of the operations of the Sheriff's Office. Bell has been and continues to be a member of the Sheriff's Office administration which is comprised of the Sheriff and Undersheriff. Bell had and has supervisory authority over plaintiff and all other similarly situated deputy sheriffs in the chain of command. He is sued individually. At all relevant times, Bell was acting under color of law and was an employer as defined under the FLSA.

8. Defendant Mary Matteson is the administrative coordinator of the Sheriff's Office. She is and has been custodian of records contained in what is commonly known as the "vault" at the Sheriff's Office which contains records of commendations, internal investigations, and other confidential matters concerning or relating to Plaintiff and other similarly situated deputy sheriffs. Defendant Matteson has personal responsibility for collecting, reviewing and forwarding payroll records and time sheets concerning hours worked by Plaintiff and similarly situated deputy sheriffs. She is sued individually. At all relevant times, Matteson was acting under color of law and was an employer as defined under the FLSA.

EVENTS

Unpaid Wage and Overtime Claims of Plaintiff and Similarly Situated Others

9. Plaintiff and members of the Plaintiff Class have been and continue to be non-exempt employees entitled to overtime pay in accordance with their rights under the Fair Labor Standards Act and entitled to payment of wages, including but not limited to overtime pay, for all time worked in accordance with state laws.

10. During the period of at least 2003 until September 13, 2010, the Plaintiff and members of the Plaintiff Class were required to begin work at a briefing 15 minutes before their shift began, but the Defendant Yellowstone County failed and refused to pay the Plaintiff and members of the Plaintiff Class for any wages for those 15 minute briefing periods.

11. Each of the Defendants knew that (a) Plaintiff and members of the Plaintiff Class began work by attending the 15 minute briefings and (b) the County knowingly failed and refused to pay Plaintiff and members of the Plaintiff Class any wages for that 15 minute briefings.

12. On various occasions during the period of 2003 to the present, Defendant Matteson, and/or other persons acting under the supervision and control of Defendant Bell, instructed deputy sheriffs not to include the 15 minute briefings on their time sheets, rejected any time sheets that included the 15 minute briefings, collected and maintained time records for deputy sheriffs that Matteson knew understated the actual hours worked, and submitted those false time records to other county officials to calculate and make payments of wages to Plaintiff and similarly situated deputy sheriffs.

13. Defendant Bell – as Undersheriff and then as Sheriff – individually approved, ratified and supervised the practice of failing and refusing to pay Plaintiff and similarly situated deputy sheriffs for the 15 minute briefings.

14. Defendant Yellowstone County owes unpaid wages to the Plaintiff and each similarly situated current and former deputy sheriff below the rank of lieutenant who was required to begin work at a briefing 15 minutes before their shift began for each 1/4 hour that was worked but not paid.

15. As a result of failing and refusing to make an accurate record of the actual hours worked each pay period by Plaintiff and other members of the Plaintiff Class and by knowingly understating those hours, Defendant Yellowstone County failed to pay overtime wages that have been due and owing to Plaintiff and similarly situated deputy sheriffs.

16. Defendants and each of them have knowingly and willfully violated the rights of Plaintiff and members of the Plaintiff Class under the FLSA by failing to pay them overtime wages that were due and owing to them since October 2002.

17. Defendant Yellowstone County engaged in repeated violations of the Plaintiff's rights and the rights of similarly situated deputy sheriffs under state wage protection laws during the period of 2003 to the present, did so knowingly and willfully, and did so based on the creation and maintenance of time records that Defendants knew were false and inaccurate and understated the actual time worked of Plaintiff and similarly situated deputy sheriffs.

Plaintiff Swecker's Individual Claims

18. In his capacity as a union member and then as union president, Plaintiff (a) engaged in research during 2009 and at other times concerning certain practices of the Yellowstone County Sheriff's Office, including practices allowing or condoning inaccurate or false time records by certain YCSO command officers (ranked lieutenant or above), practices concerning additional and possibly unwarranted compensation – including overtime and "comp time" and extra duty and "other pay" – made to some of those command officers, and practices concerning the failure to pay in full wages, including overtime wages required by the FLSA, to rank and file deputy sheriffs and (b) discussed that research and those practices at meetings of the deputy sheriffs' union and publicly as matters of public concern.

19. On or about the end of 2009 or beginning of 2010, the County and Bell disciplined Plaintiff for engaging in the research described in the preceding paragraph. Confidential records regarding that disciplinary action were placed in the YCSO "vault" under the custody of Defendant Matteson.

20. The County and Bell did not act to similarly discipline certain political appointees or political workers employed at the Sheriff's Office – including Defendant Matteson and former Coroner Montgomery – who engaged in actual and more serious infractions of YCSO and County policy, including violations regarding the use of county equipment or resources or access to county information or data bases.

21. On or about April 7, 2010, certain pay practices described in Paragraph 18 relating to command officers were publicized in the *Billings Gazette* and in other media.

22. Within days of the publication by the *Gazette* of the article described in the preceding paragraph, Defendant Matteson acted to arrange for a formal complaint against Plaintiff falsely accusing him of criminal activity and requesting that Plaintiff be prosecuted criminally for the research he conducted regarding YCSO pay practices. Matteson prepared the complaint based in whole or in part on information obtained by abusing her authority as custodian of confidential records in the YCSO "vault" and did so for her own personal purposes. Bell accepted and ratified or condoned the complaint by Matteson, who was then working as a political campaign worker for Bell's re-election, and, in an abuse of his powers as Sheriff, mischaracterized the complaint as coming from a "private citizen" and referred the matter to the State of Montana Department of Criminal Investigation (DCI).

23. Matteson's accusations against Plaintiff, accepted and referred by Bell for criminal investigation, were false and without merit and based upon information Matteson obtained improperly through confidential records, and were known to be false and without merit by Defendants Bell and Matteson.

24. As a result of the actions by Defendants Bell and Matteson described in the preceding paragraph, Plaintiff was wrongfully subject to a criminal investigation by the State of Montana.

25. After DCI completed its investigation of Swecker, the office of the Attorney General for the State of Montana advised the Yellowstone

County Attorney on August 18, 2010, that "probable cause does not exist to file any charges" against Plaintiff and there was no probable cause to bring or refer the complaint for charges.

26. Defendants Matteson and Bell, acting individually and in concert with one another, made false accusations against Plaintiff and caused him to be subject to a criminal investigation for purposes of retaliating against him for raising matters of public concern as previously described and for purposes of retaliating him because said Defendants knew that Plaintiff did not support Bell's campaign to be Sheriff and did support the candidate opposing Bell.

27. Defendants Bell and Matteson, individually and acting in concert, used the criminal investigation protocols of the Montana Department of Justice Division of Criminal Investigation – the procedures for referring matters for criminal investigation to the Montana Department of Justice through the county sheriff or county attorney for criminal investigation – against Deputy Swecker for their own purposes of coercing and intimidating Deputy Swecker to (a) deter him from conducting any further research into pay practices of the YCSO and to deter him from discussing those pay practices at union meetings or elsewhere in public; (b) deter him from actively supporting a candidate (not Bell) running for the office of Yellowstone County Sheriff; and (c) limit his ability to testify at a civil rights trial brought against Bell and others that was held in July 2010.

28. It is a longstanding custom and practice at the Sheriff's Office to take adverse actions against employees who object to and criticize actions by the administration or command officers of the Sheriff's Office that

involve possible official misconduct, illegal retaliation, preferential treatment of employees based on political loyalty or affiliation, and other matters of public concern.

29. It is a longstanding custom and practice at the Sheriff's Office to give preferential treatment to employees, particularly to command officers whom the Sheriff deems political appointees and to employees who are campaign workers, because of their political support and affiliation with the individual holding the position of Yellowstone County Sheriff and because they do not object to or criticize acts by the YCSO administration or command officers that involve possible official misconduct, violations of state and federal laws, illegal retaliation, or other matters of public concern.

30. The customs and practices described in the preceding paragraphs are official government policies of the Defendant County and the Sheriff's Office.

31. Defendant Bell as a final policy maker and final decision maker at the YCSO personally participated in, condoned, and ratified the customs and practices described in the preceding paragraphs and personally participated in, condoned and ratified the violations of Plaintiff's constitutional and federal rights.

32. As a direct and proximate result of the actions and omissions of the Defendants, acting in concert, individually or in one combination or another, Plaintiff has sustained and will sustain harm and injury, including without limitation: costs and expenses, including attorney fees, incurred for wrongfully being subjected to a criminal investigation; the loss of enjoyment of life experienced; impairment of his professional

reputation; wages, earnings, benefits, and employment opportunities which with reasonable probability will be lost in the future; and mental or emotional pain and suffering experienced and which with reasonable probability will be experienced in the future.

33. Plaintiff reincorporates in each of the following Counts the allegations made in Paragraphs 1-32.

COUNT I

Violation of the FLSA - Failure to Pay Overtime Wages

34. Defendant Yellowstone County's practice of refusing to keep accurate and truthful records of the actual time worked by Plaintiff and similarly situated deputy sheriffs below the rank of lieutenant for the total hours worked during a pay period violated the overtime requirements of the FLSA for each pay period when Plaintiff and each such similarly situated deputy sheriff actually worked hours including the 15 minute briefings, that entitled to them overtime pay.

35. Deputy Swecker, and each similarly situated current and former deputy sheriff who has wrongfully been denied overtime wages by Yellowstone County during the past three years and "opts in" as a party Plaintiff in this case, is entitled to an award of unpaid overtime wages, plus interest, plus liquidated damages, plus additional sums as may be permitted by law.

36. Plaintiff and members of the Plaintiff Class are also entitled to injunctive and equitable relief prohibiting the Defendants from engaging in any future violations of the FLSA.

COUNT II

Violations of State Wage Protection Laws

37. Defendant Yellowstone County's practice of refusing to record time worked and refusing to pay wages to Plaintiff and members of the Plaintiff Class for hours worked attending 15 minute briefings violated the rights of Plaintiff and members of the Plaintiff Class under Title 39, Part 2, Chapter 3 of the Montana Codes Annotated protecting employees from the unlawful failure by an employer to pay wages due and owing.

38. Deputy Swecker, and each similarly situated current and former deputy sheriff who has wrongfully been denied by wages by Yellowstone County for hours worked during the past three years and who joins or is joined as a party Plaintiff in this case, is entitled to an award of unpaid wages (including unpaid overtime wages), plus interest, plus the maximum penalties as permitted by law.

COUNT III

Section 1983 - Retaliation Against Plaintiff in Violation of 1st Amendment

39. Defendants Yellowstone County, acting by and through the Yellowstone County Sheriff's Office and in accordance with official policy sanctioned by the YCSO administration and established by longstanding custom and practice, violated the Deputy Swecker's free speech and political association rights as protected by the First Amendment.

40. Defendants Bell and Matteson each individually and together have taken adverse actions against Deputy Smith with the intent and effect of retaliating against him and depriving him of his free speech and political association rights as protected by the First Amendment.

41. Plaintiff is entitled to an award of damages against the Defendants and to an award of punitive damages against each of the individual Defendants and to injunctive and equitable relief to protect him and similarly situated others against future retaliation for exercise of their free speech and political association rights protected by the First Amendment.

COUNT IV

Illegal Retaliation Against Plaintiff in Violation of the FLSA

42. Each of the Defendants, acting individually or in one combination or another, took adverse actions against Deputy Smith with the intent and effect of retaliating against him for engaging in activities protected by the FLSA.

43. Plaintiff is entitled to an award of damages against the Defendants and to an award of punitive damages against each of the individual Defendants and to injunctive and equitable relief to protect him and similarly situated others against future retaliation for exercise of rights protected by the FLSA.

COUNT V

Abuse of Process

44. Defendants Bell and Matteson, acting individually and in concert, abused lawful process for their own ulterior motives, wrongfully caused Deputy Swecker to be subject to a criminal investigation by the state without probable cause, and did so for the purpose of compelling Plaintiff to refrain from exercising his fundamental rights as a citizen and a union member and a voter in a manner that Defendants Bell andMatteson could not do lawfully.

45. Plaintiff is entitled to an award of damages, including punitive damages, against each individual Defendant.

REQUEST FOR RELIEF

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against defendants and each of them on each of the above claims and requests that the Court take the following additional actions:

1. Enjoin Defendants from engaging each Defendant from engaging in illegal retaliation against Plaintiff and similarly situated others in violation of their rights under the First Amendment and/or the FLSA;

2. Award Plaintiff, and each similarly situated deputy sheriff who "opts in" as a party Plaintiff in this case, unpaid overtime wages due and owing from Defendant County, plus interest, plus liquidated damages;

3. Award Plaintiff, and each similarly situated deputy sheriff who joins in or is joined in this case, unpaid wages due and owing from Defendant County, plus interest, plus penalties as permitted by law;

3. Award Plaintiff Swecker damages in an amount a jury on this cause deems sufficient to compensate Deputy Swecker for the harm he has sustained as a result of the illegal retaliation against him by the Defendants;

5. Award plaintiff punitive damages in an amount a jury on this cause deems sufficient to punish and deter the defendants Bell and Matteson, and others in like positions of authority, from engaging in illegal retaliation in the future in violation of a person's rights under federal and state laws;

6. Award plaintiff, upon being designated as the prevailing party in this action and in a post judgment proceeding, the amount of reasonable fees and costs he has incurred in prosecuting this and related matters;

7. Order each of the defendants to take such affirmative actions as will prohibit them from engaging in violations of federal and state wage protection laws and will reduce the likelihood of future violations of federal and state laws;

8. Award plaintiff such other and further relief as the Court deems just and equitable.

Signed this 27th day of September, 2010.

/s/ Timothy C. Kelly

Timothy C. Kelly, Attorney for Plaintiff Deputy Jamie Swecker

JURY REQUEST

Plaintiff hereby requests that these causes of action be heard by a jury as permitted by law.

/s/ Timothy C. Kelly